Filed 8/3/23  P. v. Johnson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS RICHARD JOHNSON,<br><br>    Defendant and Appellant. | D080233<br><br><br>(Super. Ct. No. SCE359485) |


APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed as modified and remanded with directions.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Paige B. Hazard, and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.


Thomas Richard Johnson appeals the judgment upon resentencing after remand from a prior appeal.  He claims the trial court prejudicially

erred by: (1) imposing an upper term sentence by using an aggravating circumstance not properly proved, not giving proper weight to his childhood trauma and mental health history, and not exercising discretion to select the conviction that would constitute the principal offense; (2) using a prior out-of-state conviction that does not qualify as a serious felony or strike to increase his prison term; (3) imposing multiple enhancements even though without them his aggregate prison term exceeded 20 years; (4) violating his due process rights by acting arbitrarily and capriciously in sentencing; and (5) failing to calculate custody credits. We modify the judgment to correct an error in the prison term imposed on an enhancement, affirm the judgment as modified, and remand the matter for calculation of custody credits.

## I.

## BACKGROUND

A.  *Facts*

On March 28, 2016, Johnson approached B.B. in a parking lot and threatened to stab him with a contaminated needle unless B.B. gave him a ride. Johnson got into B.B.'s truck, held three needles to B.B.'s neck, and ordered him to start driving. After driving Johnson to various places for about 45 minutes, B.B. got out of the truck while he stopped at a traffic light. Johnson got into the driver's seat and drove off.

Later the same day, Johnson drove B.B.'s truck to a parking lot, approached 75-year-old M.E., and asked for directions. While they were speaking, Johnson snatched M.E.'s purse and drove off.

Still later the same day, Johnson drove B.B.'s truck up to P.S. as she was walking from a store to her car. He reached out of the truck and tried to snatch her purse. When P.S. resisted, Johnson abandoned his attempt to

2

take the purse and drove off.  A bystander telephoned 911 to report the incident.

Johnson then led police on a high-speed chase in B.B.'s truck.  He eventually crashed and was arrested.

B.    *Jury Verdicts*

A jury found Johnson guilty of five crimes based on the incident involving B.B.:  (1) carjacking (count 2; Pen. Code, § 215, subd. (a); undesignated section references are to this code); (2) kidnapping (count 3; § 207, subd. (a)); (3) assault (count 5; § 240); (4) making a criminal threat (count 6; § 422); and (5) unlawful taking or driving of a vehicle (count 7; Veh. Code, § 10851, subd. (a)).  The jury found Johnson guilty of robbery (count 8; § 211) based on the incident involving M.E., and found true the attached enhancement allegation he committed the robbery against a person who was at least 65 years old (§ 667.9, subd. (a)).  The jury found Johnson guilty of attempted robbery based on the incident involving P.S. (count 9; §§ 21a, 211).  The jury found Johnson guilty of reckless driving while attempting to evade a peace officer based on the high-speed chase (count 10; Veh. Code, § 2800.2, subd. (a)).

C.    *Trial Court Findings on Prior Convictions*

The trial court held a separate trial on allegations regarding Johnson's prior convictions.  The People presented fingerprint cards, certified court documents from Cook County, Illinois, certified transcripts of plea colloquies, and expert witness testimony.  The transcripts contained the factual bases for the convictions to which Johnson had stipulated, as follows:

- **Case No. 04CR1883101, attempted armed robbery.**  On July 7, 2004, Johnson approached Mr. A. as he was walking to his car in a parking lot.  Johnson asked Mr. A. for a ride.  Mr. A. gave Johnson and

3

another person a ride.  When they arrived at the destination, Johnson asked Mr. A. for money for bus fare.  When Mr. A. refused, Johnson "pulled a knife and told [Mr. A.] to get out of the car, and he drove off in his car."

- **Case No. 07CR0027601, aggravated vehicular hijacking.**  On November 25, 2006, R.C. agreed to give Johnson, his companion, and the companion's infant daughter a ride.  Johnson sat in the passenger seat, and his companion and her daughter sat in the back seat.  During the ride, Johnson ordered R.C. to pull over, pointed a knife at his chest, and demanded he empty his pockets.  R.C. complied, and Johnson handed his companion the contents of R.C.'s pockets.  Johnson then ordered R.C. out of the car and threatened to kill him.  Johnson moved into the driver's seat, pushed R.C. out of the car, and drove off.  Johnson ran over R.C. and broke his wrist.  Johnson then led police on a high-speed chase in R.C.'s car.

- **Case No. 09CR0561101, robbery.**  On January 12, 2009, Johnson approached C.R. on the sidewalk and asked for money.  When C.R. responded he had none, Johnson said, " 'I got a [obscenity] gun in my pocket.  Either give me your wallet or I'll shoot you.' "  C.R. handed over his wallet.

- **Case No. 09CR0562901, vehicular hijacking.**  S.B. agreed to give Johnson a ride to his mother's house.  Along the way, S.B. stopped at an ATM to withdraw cash.  After S.B. continued to drive, Johnson told S.B. to stop the car, took the cash from S.B. while threatening to cut him with a knife, ordered S.B. out of the car, and then drove off in the car without S.B.'s permission.

4

The trial court found Johnson was the person who suffered the prior convictions and each one constituted a serious felony and a strike for sentencing purposes.  The court also found true the enhancement allegation attached to count 8 that Johnson committed the robbery against a person who was at least 65 years old and had a prior robbery conviction.

D.    *Initial Sentencing*

The trial court denied Johnson's motion to dismiss the prior strike conviction allegations for purposes of sentencing under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).  (See § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).)  The court sentenced Johnson as a third-strike offender to an aggregate prison term of 66 years plus 81 years to life.

E.    *Prior Appeal*

Johnson appealed the judgment and asserted, among other claims of error, that three of his four prior convictions (aggravated vehicular hijacking, aggravated robbery, and vehicular hijacking) did not constitute serious felonies or strikes, because the elements of those offenses under Illinois and California law are not the same.  Specifically, Johnson argued California law requires proof of a specific intent to deprive the victim of property, but Illinois law does not require such proof, and the trial court could not infer such intent from the plea colloquies.  We agreed, reversed the true findings on the allegations concerning the three prior convictions Johnson had challenged, and remanded the matter for resentencing with an option for the People to retry the allegations.  Noting Johnson had not challenged the true findings on the allegations concerning the prior conviction of attempted armed robbery, we stated, "In resentencing Johnson on remand, the trial court shall consider the unchallenged true findings" on that conviction.

5

F.    *Resentencing*

On remand, the People decided not to retry the prior conviction allegations on which the true findings were reversed on appeal, and the matter proceeded to resentencing.

Johnson filed a sentencing memorandum. He urged the trial court to strike the allegations regarding his prior conviction of attempted armed robbery, on the ground the conviction suffered from the same legal and factual deficiencies as did the prior convictions this court determined in the prior appeal could not be used to increase his prison term. Johnson argued recent changes to section 1170 required the court to give great weight to his childhood trauma and mental disorders and to impose the lower term of three years in prison for the carjacking conviction as the principal term. He contended execution of the prison terms imposed on the other convictions based on the incident involving B.B. should be stayed under section 654. Johnson conceded consecutive prison terms could be imposed for the robbery and attempted robbery convictions, because they involved separate victims at separate times. He argued the two-year victim-age enhancement (§ 667.9, subd. (b)) could not be imposed, because there was no qualifying prior conviction. Johnson finally contended recent changes to section 1385, which granted courts power to dismiss enhancements when they would increase the prison term above 20 years or when the current offenses were connected to mental illness or childhood trauma, justified dismissal of the section 667.9 enhancements.

Johnson attached to his memorandum several documents, including: (1) an attending psychiatrists' assessment and discharge summary from a psychiatric hospitalization in 1997; (2) a psychiatric evaluation in 2009; (3) a psychiatric evaluation in 2018 concerning how Johnson's mental illness and

6

substance abuse affected his conduct on the day he committed the current crimes; (4) minutes from a mental competency hearing in the current case in 2018 and associated reports on involuntary medication to restore competency and mental competency to stand trial; and (5) a psychiatric evaluation in 2022. The psychiatrist who examined Johnson in 2018, Alan A. Abrams, stated in his report that Johnson had reported that between the ages of eight and 13 years he and an older male cousin orally copulated each other; and Johnson was beaten, orally copulated, and sodomized as a child when he was in foster care and juvenile hall. Johnson also reported he began drinking alcohol as a child, began smoking marijuana at age 11, was smoking crack cocaine and injecting heroin by age 13, and regularly abused many other substances. Abrams made multiple diagnoses, including "complex PTSD with dissociation and derealization" and opioid and other substance use disorders. Abrams concluded, "[A]ll of Mr. Johnson's mental disorders, including his substance misuse disorders, would have greatly impaired his thinking, reasoning and behaviors on the day of the incident." In his 2022 evaluation, Abrams reported Johnson "ha[d] improved considerably since being treated on a regular basis with medication assisted therapy" and "[could] be safely managed in the community with on-going MAT, and a full variety of approaches for his complex PTSD and substance use disorders."

The People filed a response to Johnson's sentencing memorandum in which they urged the trial court to impose the maximum prison term. They argued the court had no jurisdiction to relitigate the merits of Johnson's prior attempted armed robbery conviction, because doing so would fall outside the scope of the remand order of this court on the prior appeal, and Johnson should be sentenced as a second-strike offender. The People asked the trial court to impose the upper term of nine years on the carjacking conviction,

because the aggravating factors established by Johnson's prior convictions outweighed the mitigating factors, and it would be contrary to the interests of justice to impose the lower term requested by Johnson. The People agreed execution of the prison terms for the other convictions based on the incident involving B.B. should be stayed pursuant to section 654. They requested imposition of consecutive prison terms for the robbery and attempted robbery convictions. Finally, the People argued the court should not exercise its discretion under section 1385 to dismiss the victim-age enhancements attached to the robbery conviction, and asked the court to impose the one-year enhancement based on the jury's true finding. Attached to their response were certified court records showing Johnson had been sentenced to prison in two cases in Illinois.

The trial court held a resentencing hearing on March 15, 2022. The court stated it had read and considered the probation officer's report prepared for the initial sentencing and the parties' written submissions for the initial sentencing and for the resentencing. In addressing the court, Johnson apologized for his past "mistakes," advised the court he was on medication and had been "clean almost two years now," and asked the court to "give [him his] life back." Johnson's counsel and the prosecutor next argued some of the points they had made in their written submissions. The trial court then proceeded to make several rulings and to impose sentence.

The trial court ruled it could not revisit the validity of the prior attempted armed robbery conviction and denied Johnson's request to strike it as invalid. The court treated the request as a renewed motion under *Romero*, *supra*, 13 Cal.4th 497, and denied it. Based on its denial of the request to strike the prior conviction, the court denied Johnson's request to strike the enhancement under section 667.9, subdivision (b) as invalid for lack of a prior

8

qualifying conviction.  Turning to the selection of prison terms, the court found Johnson's mental health history and childhood trauma were mitigating circumstances that contributed to the commission of the current crimes.  The court found multiple aggravating circumstances:  (1) Johnson "has engaged in violent conduct that indicates a serious danger to society"; (2) his "prior convictions as an adult are numerous and of increasing seriousness"; (3) he "has served a prior prison term"; (4) he "was on parole when the instant offenses were committed"; and (5) his "performance on parole was unsatisfactory, as exemplified by his instant convictions."  The court found the aggravating circumstances outweighed the mitigating circumstances and made imposition of an upper prison term appropriate.  The court ruled the Three Strikes law required imposition of consecutive prison terms, and stated that even if it had discretion to impose concurrent terms, it would not do so because the crimes had independent objectives, involved separate acts of violence or threats of violence, and were committed at different times and places.  Finally, the court found the circumstances of mental illness, childhood trauma, and a prison term longer than 20 years would support dismissal under section 1385 of the victim-age enhancement, but found dismissal would endanger public safety and was not in the interest of justice, and therefore denied Johnson's request to dismiss the enhancement.

The trial court next sentenced Johnson to prison for 28 years four months, as follows:

- Count 2 (carjacking):  the upper term of nine years (§ 215, subd. (b)), doubled to **18 years** based on the prior conviction of attempted armed robbery (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).
- Count 8 (robbery):  a consecutive term of one year (one-third the middle term of three years) (§§ 213, subd. (a)(2), 1170.1, subd. (a)), doubled to

**two years** based on the prior conviction of attempted armed robbery (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), plus a consecutive term of **eight months** (one-third the prescribed term of two years) for the victim-age enhancement (§§ 667.9, subd. (b), 1170.1, subd. (a)).

- Count 9 (attempted robbery):  a consecutive term of eight months (one-third the middle term of two years) (§§ 18, subd. (a), 213, subd. (b), 1170.1, subd. (a)), doubled to **16 months** based on the prior conviction of attempted armed robbery (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).

- Count 10 (reckless driving while attempting to evade peace officer):  a consecutive term of eight months (one-third the middle term of two years) (Veh. Code, § 2800.2, subd. (a); §§ 18, subd. (a), 1170.1, subd. (a)), doubled to **16 months** based on the prior conviction of attempted armed robbery (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).

- Prior Serious Felony Conviction:  a consecutive term of **five years** for the prior conviction of attempted armed robbery.  (§ 667, subd. (a)(1).)

The court imposed and stayed execution of prison or jail terms on the other convictions based on the incident involving B.B. (counts 3, 5, 6 & 7) and the one-year victim-age enhancement on count 8.  (§ 654, subd. (a).)  It awarded Johnson "all custody credits as determined by the California Department of Corrections and Rehabilitation."

## II.

## DISCUSSION

A.    *Selection of Principal Offense and Upper Term*

Johnson contends that in selecting count 2 (carjacking) as the conviction on which to impose and execute punishment for all the convictions based on the incident involving B.B., the trial court made no mention of its discretion under section 654 to select any one of the convictions, and should

10

be directed to do so on remand. He also contends that in imposing the upper term on count 2, the court impermissibly relied on an aggravating circumstance that had not been found by the jury, namely, commission of violent conduct indicating a serious danger to society,[1] and gave insufficient weight to the mitigating circumstances of childhood trauma, mental illness, and drug addiction. We disagree.

1. *Standard of Review*

We begin by setting out the applicable standard of review. When multiple offenses are based on the same criminal act or course of conduct, and multiple punishments are therefore prohibited, selection of the offense on which to impose and execute punishment is a matter within the trial court's discretion. (§ 654, subd. (a); *People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).) When a statute prescribes three terms of imprisonment as punishment for an offense, the middle term is generally the presumptive term;[2] but the trial court has discretion to select the upper or lower term based on its assessment of mitigating and aggravating circumstances, as long as any aggravating circumstance the court relies on to select the upper term has been found true by a jury, stipulated to by the defendant, or established by certified records of a prior conviction. (§ 1170, subd. (b); *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095 (*Gerson*); *People v. Lopez* (2022)

---

[1] The People argue Johnson forfeited this contention by failing at the resentencing hearing to object to the trial court's use of the aggravating circumstance. Because Johnson asserts a denial of his constitutional right to a jury trial and ineffective assistance of counsel for failure to object, we elect to address the contention on the merits. (See *People v. French* (2008) 43 Cal.4th 36, 46 (*French*); *People v. Monroe* (2022) 85 Cal.App.5th 393, 400.)

[2] Sometimes the lower term is the presumptive term, as we discuss in part II.A.3., *post*.

11

78 Cal.App.5th 459, 464 (*Lopez*).)  We review a trial court's discretionary sentencing choices for abuse of discretion.  (*People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182; *People v. Ogg* (2013) 219 Cal.App.4th 173, 185.)  To establish abuse, the appellant must show the court "act[ed] while unaware of the scope of its discretion" (*People v. Tirado* (2022) 12 Cal.5th 688, 694), "considered impermissible factors" (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*)), or made a choice "so irrational or arbitrary that no reasonable person could agree with it" (*id.* at p. 377).

2. *Principal Offense*

Johnson has not shown the trial court's selection of count 2 (carjacking) as the conviction on which to impose and execute a prison term for all the convictions based on the incident involving B.B. was an abuse of discretion. In support of his request for a remand with directions to the trial court to exercise its discretion, Johnson relies on the recency of the amendment of section 654, which eliminated the requirement that the court select the conviction with the longest term of imprisonment and granted the court discretion to select any one of them,[3] and on the trial court's failure to mention that discretion at the resentencing hearing.  But "in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error

---

[3]    Effective January 1, 2022, section 654, subdivision (a) provides in part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (Stats. 2021, ch. 441, § 1.)  The statute previously required the court to impose and execute a prison term on the conviction that "provides for the longest potential term of imprisonment," and to impose and stay execution of terms on the other convictions.  (Former § 654, subd. (a), as amended by Stats. 1997, ch. 410, § 1; see *Mani, supra,* 74 Cal.App.5th at p. 379.)

where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) Johnson's resentencing occurred on March 15, 2022, more than two months after the amendment of section 654 took effect. Johnson correctly points out the parties did not discuss the amended statute in their written or oral submissions at the resentencing hearing and the trial court did not mention it at the hearing, but that merely shows a silent record. Remand for resentencing is not required when the record does not affirmatively show the trial court misunderstood the scope of its discretion. (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097; *People v. Davis* (1996) 50 Cal.App.4th 168, 172-173.)

### 3. *Upper Term*

Johnson also has not shown the trial court abused its discretion by imposing the upper term on count 2. He is correct that recent amendments to section 1170 "significantly limit[ ]" a trial court's discretion to impose an upper term sentence when certain factors contributed to the crime. (See Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022; *Gerson*, *supra*, 80 Cal.App.5th at p. 1095 [amendments apply to nonfinal cases].) Specifically, the amendments provide for a presumptive lower term sentence when the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence," and such trauma "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6)(A); see *Gerson*, at p. 1095.) In that situation, the court may impose the middle or upper term only if it "finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6); see *Gerson*, at p. 1095.) The court may impose the upper term

13

"only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).) Hence, a trial court has discretion to impose an upper term sentence if it determines aggravating circumstances found by the jury, stipulated to by the defendant, or established by certified records of prior convictions outweigh mitigating circumstances. The court made such a determination in Johnson's case.

At the sentencing hearing, the trial court found Johnson's "mental health history and childhood trauma [were] circumstances in mitigation." (Cal. Rules of Court, rule 4.423(b)(2), (3).) The court found "one of the contributing factors [in the commission of the current crimes] was that [Johnson] has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." That finding "made a low-term sentence presumptively appropriate." (*Gerson*, *supra*, 80 Cal.App.5th at p. 1095; see § 1170, subd. (b)(6)(A).) As aggravating circumstances, the court found Johnson: (1) engaged in violent conduct indicating a serious danger to society; (2) had numerous prior convictions as an adult; (3) had served a prior prison term; (4) was on parole when he committed the current crimes; and (5) performed unsatisfactorily on parole. (Cal. Rules of Court, rule 4.421(b)(1)-(5).) The court determined the aggravating circumstances outweighed the mitigating circumstances, such

14

that imposition of the lower term "would be contrary to the interest of justice"; the aggravating circumstances "justif[ied] the imposition of a term of imprisonment exceeding the middle term"; and imposition of the upper term was "appropriate." In making these determinations, the trial court stated it had considered Johnson's constitutional rights; the interests of society as represented by the People; Johnson's background and prospects, including his "significant criminal record"; the nature and circumstances of the crimes and Johnson's involvement; and his mental health history and prognosis if treated in the community. (*Id.*, rule 4.420, Advisory Com. com.) On the last point, the court stated "there is no guarantee that upon [Johnson's] release into the community, his mental health disorders will be adequately treated such as to ensure that he will not continue to be a danger to public safety." It thus appears the trial court knew about the recently enacted limitations on its discretion to impose an upper term sentence, acted within those limitations in selecting the upper term (§ 1170, subd. (b)(2), (6)(A)), and satisfied its obligation to "set forth on the record the facts and reasons for choosing the sentence imposed" (§ 1170, subd. (b)(5); see Cal. Rules of Court, rules 4.406(a), (b)(3), 4.420(i)).

Johnson contends, however, that by imposing an upper term sentence the trial court abused its discretion in two ways that require reversal of the judgment. First, he argues the court impermissibly found Johnson's commission of violent conduct indicating a serious danger to society was an aggravating circumstance, because the jury made no such finding. Second, Johnson argues the court gave too little weight to his childhood trauma and mental health history and too much weight to his criminal history, because uncontradicted evidence showed his childhood trauma and untreated mental illness contributed to all of his crimes. Neither argument is persuasive.

15

The trial court properly found Johnson "has engaged in violent conduct that indicates a serious danger to society" (Cal. Rules of Court, rule 4.421(b)(1)), based on the jury's verdicts in the current case and certified records of convictions from prior cases (§ 1170, subd. (b)(2), (3)). Three of his current convictions—carjacking, kidnapping, and robbery—are defined as "violent felonies" by statute. (§ 667.5, subd. (c)(9), (14), (17).) The jury also found Johnson guilty of reckless driving while attempting to evade a peace officer, which required the jury to find he drove "in a willful or wanton disregard for the safety of persons or property." (Veh. Code, § 2800.2, subd. (a).) The current crimes involved multiple victims. The trial court also received certified court records of four prior convictions showing Johnson pled guilty to attempted armed robbery, aggravated vehicular hijacking, robbery, and vehicular hijacking; and admitted that in committing three of those crimes he threatened the victims with a knife and stole their property, and in one he broke the victim's wrist. (See pt. I.C., *ante*.) Thus, from the jury's verdicts in the current case and the prior conviction records, the trial court permissibly found Johnson had committed acts against multiple victims on multiple occasions that were "[m]arked by or result[ed] from great physical force or rough action" (American Heritage Dict. (2d coll. ed. 1985) p. 1350 [defining "violent"]) and presented a danger to society that was "[g]rave in character, quality, or manner" (*id.*, p. 1120 [defining "serious"]).

We acknowledge the jury in the current case did not expressly find Johnson had "engaged in *violent* conduct that indicates a *serious* danger to society" (Cal. Rules of Court, rule 4.421(b)(1), italics added), and such a finding may "rest[ ] on a somewhat vague or subjective standard" and may "require an imprecise quantitative or comparative evaluation of the facts" (*People v. Sandoval* (2007) 41 Cal.4th 825, 840). Even if an express finding

16

by the jury were required, however, we are confident any error in failing to obtain the finding was harmless.  Such an error was harmless if we can conclude from the record that the jury would have found the aggravating circumstance beyond a reasonable doubt had it been asked to do so.  (*Id.* at p. 838; *Lopez, supra*, 78 Cal.App.5th at pp. 465-466.)  In the current case, uncontradicted evidence established that on the same day, Johnson threatened B.B. with infected needles to steal his car, snatched M.E.'s purse from her person, tried to snatch P.S.'s purse from her person, and then led police on a high-speed chase before crashing B.B.'s car.  (See pt. I.A., *ante.*)  And as discussed above, certified records of prior convictions showed Johnson had used a knife to steal or attempt to steal property from multiple victims and broke the wrist of one.  (See pt. I.C., *ante.*)  Where, as here, the evidence supporting an aggravating circumstance "is overwhelming and uncontested, and there is no 'evidence that could rationally lead to a contrary finding,' " the reviewing court may conclude the failure to submit the circumstance to the jury was harmless.  (*French, supra*, 43 Cal.4th at p. 53; accord, *Lopez*, at p. 465.)  We so conclude here.

We also reject Johnson's argument the trial court abused its discretion by imposing an upper term sentence despite his childhood trauma and mental health history.  Although the lower prison term is the presumptive term when the defendant's childhood trauma contributed to the commission of the crime, the court retains discretion to impose the upper term if it finds the aggravating circumstances outweigh the mitigating circumstances and imposition of the lower term would be contrary to the interests of justice. (§ 1170, subds. (b)(2), (6)(A); *Gerson, supra*, 80 Cal.App.5th at p. 1095.)  At the resentencing hearing, Johnson presented uncontradicted evidence that his childhood trauma and related substance abuse and other mental health

17

problems contributed to his crimes, and the trial court found them to be mitigating factors. (Cal. Rules of Court, rule 4.423(b)(2), (3).) But the court also found, again based on uncontradicted evidence, that Johnson engaged in violent conduct indicating a serious danger to society, had numerous prior convictions, served a prior prison term, committed the current crimes while on parole, and performed poorly on parole. (*Id.*, rule 4.421(b)(1)-(5).) The court then weighed the aggravating and mitigating circumstances and found the former outweighed the latter, so that imposition of an upper term was justified. "Sentencing courts have wide discretion in weighing aggravating and mitigating factors" (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258), and reviewing courts can neither "reweigh valid factors bearing on the decision below" (*People v. Scott* (1994) 9 Cal.4th 331, 355) nor " ' " 'substitut[e] [their] judgment for the judgment of the trial judge' " ' " (*Carmony*, *supra*, 33 Cal.4th at p. 377). Given the dangerous nature of Johnson's criminal conduct and his long-term recidivism, the trial court's decision to impose an upper term sentence was not "so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*) Johnson thus has not met his burden to show an abuse of discretion. (*Id.* at p. 376.)

B.  *Use of Prior Conviction to Increase Prison Term*

Johnson next complains the trial court prejudicially erred by using his conviction for the attempted armed robbery he committed in Illinois in 2004 to increase his current prison term by doubling under the Three Strikes law the prison terms for the current felony convictions and by adding a five-year enhancement for the prior conviction. He argues the prior conviction does not qualify as a serious felony or strike, because under Illinois law, unlike under California law, specific intent to deprive the victim of property is not an element of attempted armed robbery, and he admitted no such intent as part

of the guilty plea. Johnson urges this court to reach this claim of error, even though in the prior appeal he did not challenge use of the prior attempted armed robbery conviction to increase his prison term, because, he claims, appellate counsel was ineffective for failing to make the challenge. He also argues that even if the trial court could not have stricken the prior conviction itself under the terms of the remittitur from the prior appeal, the court could have stricken the additional punishment associated with that conviction, and, because the conviction does not qualify as a serious felony or strike, abused its discretion by refusing to do so. The People agree that counsel in the prior appeal was ineffective for failing to challenge the prior attempted armed robbery conviction, and that the trial court was required to dismiss that conviction because it did not require proof of all the elements of the corresponding California crime. We disagree with the parties.

A prior out-of-state conviction qualifies as a serious felony for purposes of a five-year enhancement and as a strike for purposes of the Three Strikes law if the out-of-state offense would be a felony if committed in California and includes all the elements of any serious felony. (§§ 667, subds. (a)(1), (d)(2), 1170.12, subd. (b)(2); *People v. Warner* (2006) 39 Cal.4th 548, 552-553.) The parties rely on the difference in the elements of robbery under Illinois and California law to argue the attempted armed robbery conviction does not qualify as a serious felony or a strike. The California offense of attempted robbery (§§ 21a, 211), which is on the list of serious felonies (§ 1192.7, subd. (c)(19), (39)), requires proof of a specific intent to commit robbery (*People v. Burgess* (2023) 88 Cal.App.5th 592, 604), which in turn requires proof of a specific intent permanently to deprive the victim of property by means of force or fear (*In re Milton* (2022) 13 Cal.5th 893, 900 (*Milton*)). The corresponding Illinois offense also requires proof of a specific intent to commit

19

robbery (Ill. Comp. Stat. Ann., ch. 720, § 5/8-4(a); *People v. Garrett* (Ill.App. 2010) 928 N.E.2d 531, 536), which in turn requires proof of a general intent to take property from the victim by means of force or threat of force, but no specific intent permanently to deprive the victim of the property (*People v. Banks* (Ill. 1979) 388 N.E.2d 1244, 1247-1248; see *Milton*, at p. 900 [discussing difference between California and Illinois elements of robbery]). Therefore, because an Illinois attempted robbery does not require proof of all the elements of a California attempted robbery, Johnson's prior attempted robbery conviction does not qualify as a serious felony or strike under section 1192.7, subdivision (c)(19) and (39).

Proper analysis does not end there, however. The list of serious felonies also includes "any felony in which the defendant personally used a dangerous or deadly weapon." (§ 1192.7, subd. (c)(23).) That provision "makes any felony not otherwise enumerated in section 1192.7, subdivision (c) a serious felony if the defendant personally uses a dangerous or deadly weapon." (*People v. Briceno* (2004) 34 Cal.4th 451, 463.) In recently explaining that a prior Illinois robbery conviction did not constitute a serious felony or strike in California under section 1192.7, subdivision (c)(19) because of the states' different intent elements for robbery, our Supreme Court went on to explain that "[a]n out-of-state felony, however, also qualifies as a serious felony under California law if the defendant personally used a firearm or a dangerous or deadly weapon in committing the offense. (§ 1192.7, subd. (c)(8), (23) . . . )" (*Milton, supra*, 13 Cal.5th at p. 900.) "Attempted armed robbery is a Class 1 felony" in Illinois. (*People v. Wade* (Ill. 1989) 546 N.E.2d 553, 556.) Thus, to borrow language from *Milton*, "if [Johnson] personally used a [dangerous or deadly weapon] in the commission of the Illinois felon[y], [that] prior conviction[ ] would be [a]

20

serious felony conviction[ ] and strike[ ] under California's Three Strikes law." (*Milton*, at p. 900.)

By pleading guilty to attempted armed robbery, Johnson admitted he "carrie[d] on or about his . . . person or [was] otherwise armed with a dangerous weapon other than a firearm." (Ill. Comp. Stat. Ann., ch. 720, § 5/18-2(a)(1).) Johnson admitted as part of the factual basis of the plea that after the victim drove him to a certain location and refused to give him bus fare, he "pulled a knife and told the victim to get out of the car." Those admissions suffice to establish Johnson personally used a dangerous or deadly weapon in committing the attempted armed robbery. (See *People v. Gallardo* (2017) 4 Cal.5th 120, 136 [to determine whether prior conviction constitutes serious felony or strike, court may consider facts "established by virtue of the conviction itself," including facts "the defendant admitted as the factual basis for a guilty plea"].) The prior conviction of that crime thus constitutes a serious felony and a strike (§ 1192.7, subd. (c)(23); *Milton*, *supra*, 13 Cal.5th at p. 900), and the trial court was not required to dismiss the conviction or to strike the associated punishment.

C.     *Imposition of Enhancements*

Johnson claims the trial court erred by imposing the prior serious felony enhancement and the victim-age enhancements because, in his view, recent statutory amendments required dismissal of the enhancements. Effective January 1, 2022, section 1385, subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove

21

that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  Johnson relies on two mitigating circumstances:  (1) "[m]ultiple enhancements are alleged in a single case," in which event "all enhancements beyond a single enhancement *shall be dismissed*"; and (2) "application of an enhancement could result in a sentence of over 20 years," in which event "the enhancement *shall be dismissed*" (§ 1385, subd. (c)(2)(B), (C), italics added).  Relying on the italicized language and the fact his prison term was already longer than 20 years without any enhancements, Johnson argues dismissal of the enhancements was required, because "[t]he statute speaks in terms that are mandatory, not permissive," and " '[s]hall be dismissed' means what it says."  We are not persuaded.

"With regard to [Johnson's] reliance on the use of the word 'shall,' it should not be assumed that every statute that uses that term is mandatory. [Citations.]  'Neither the word "may," nor the word "shall," is dispositive.' [Citation.]  The context of the language, as well as other indicia of legislative intent, must be considered." (*People v. Lara* (2010) 48 Cal.4th 216, 227.)  Several provisions of the statute on which Johnson relies indicate the decision to dismiss an enhancement lies within the discretion of the trial court.  (§ 1385, subds. (c)(1) ["court shall dismiss an enhancement *if it is in the furtherance of justice to do so*" (italics added)], (c)(2) ["In exercising its *discretion* under this subdivision . . . ." (italics added)], (c)(3) ["the court may exercise its *discretion* at sentencing" or "before, during, or after trial or entry

22

of plea" (italics added)].)  Although in the exercise of that discretion the presence of specified mitigating circumstances "weighs greatly in favor of dismissing the enhancement," it does not require dismissal, and the court may impose the enhancement if it "finds that dismissal of the enhancement would endanger public safety."  (*Id.*, subd. (c)(2).)  The trial court found two mitigating factors, namely, there were multiple enhancements and their imposition would result in a prison term longer than 20 years (*id.*, subd. (c)(2)(B), (C)), but also found their dismissal was not "in the furtherance of justice" and "would endanger public safety" (*id.*, subd. (c)(1), (2)).  "Because of that finding," which Johnson has not challenged on appeal, "the court was not required to 'consider and afford great weight' to [the mitigating circumstances] in its exercise of what the statute explicitly acknowledges to be the 'discretion' that it affords."  (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 18.)

The court did err, however, by imposing and executing a victim-age enhancement on count 8 (robbery) under subdivision (b) of section 667.9 rather than under subdivision (a).  A prior conviction of an offense listed in subdivision (c) is required for imposition of an enhancement under subdivision (b), but not under subdivision (a).  "Robbery, in violation of Section 211," and "Carjacking, in violation of Section 215," are on the list. (§ 667.9, subd. (c)(3), (4).)  But Johnson's prior convictions of robbery and vehicular hijacking were based on violations of Illinois statutes, not California statutes, and as we determined in his prior appeal the offenses do not have the same elements in the two states.  His remaining prior conviction was for attempted armed robbery, an offense that is not on the list.  Johnson thus was not subject to an enhancement under section 667.9, subdivision (b).

23

We shall strike that enhancement and lift the stay of execution on the enhancement imposed under subdivision (a).

D.    *Due Process Violation*

Johnson complains the trial court deprived him of liberty without due process of law (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a)) by disregarding the recent statutory changes that limit sentencing courts' discretion to impose upper term sentences and enhancements and instead sentencing him as if those changes had not been made.  Under the authority he cites, Johnson "must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process' violation."  (*Moore v. Chrones* (C.D.Cal. 2010) 687 F.Supp.2d 1005, 1041, citing *Richmond v. Lewis* (1992) 506 U.S. 40, 50.)  He has failed to do so.  The record shows the trial court considered the parties' written submissions and oral arguments, applied the statutes and court rules applicable at the time of resentencing, and determined Johnson's dangerous conduct and recidivism justified imposition of an upper term sentence with all applicable enhancements.  Although the court erred in imposing the victim-age enhancement under subdivision (b) of section 667.9 rather than under subdivision (a), it otherwise acted within its discretion in imposing a "sentence [that] was within the limits 'authorized by state law.' "  (*Moore*, at p. 1041.)  No due process violation occurred.

E.    *Custody Credits*

As his last claim of error, Johnson contends the trial court erred by not calculating his actual custody credits up to the time of resentencing and instead delegating that task to the Department of Corrections and Rehabilitation.  The People concede the error, and we accept the concession.  When a defendant has served time under a sentence that is vacated or

modified during the term of imprisonment, "such time shall be credited upon any subsequent sentence" imposed for the same criminal acts. (§ 2900.1.) Having resentenced Johnson after the prior appeal, the trial court "should have determined all actual days [he] had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41; accord, *People v. Sek* (2022) 74 Cal.App.5th 657, 673.) The court must perform this task on remand.

## III.

## DISPOSITION

The judgment is modified to strike the eight-month enhancement imposed on count 8 (§§ 667.9, subd. (b), 1170.1, subd. (a)), to vacate the stay of execution on the four-month enhancement imposed on that count (§§ 667.9, subd. (a), 1170.1, subd. (a)), and to order execution of the four-month enhancement. As so modified, the judgment is affirmed. On remand, the trial court shall calculate Johnson's custody credits, prepare an amended abstract of judgment that includes the credits and the modification ordered above, and forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.


IRION, J.

WE CONCUR:



O'ROURKE, Acting P. J.



DATO, J.

25